**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mark A. Finney; et al., ) | No. CV 12-1249-PHX-JAT |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| First Tennessee Bank; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs filed a complaint alleging that Defendants: 1) "[are] in breach of contract for failing to negotiate in good faith" and 2) "violated [the] covenant of good faith and fair dealing...." Doc 1-1 at 17, ¶¶ 32, 34. Defendants have moved to dismiss both counts of the complaint under Federal Rule of Civil Procedure 12(b)(6).

**I.    Background**[1]

Plaintiff Mark Finney has a loan with Defendants secured by a piece of real property. Plaintiffs, due to circumstances beyond their control, were unable to make the payments on this loan. Plaintiffs contacted the lender Defendant to seek a loan modification. The lender refused to discuss any potential loan modification. Due to Plaintiffs failure to pay the note, the lender has scheduled a Trustee sale of the property securing the note.

---

[1] The facts are from Plaintiffs' complaint and are taken as true for purposes of a motion under 12(b)(6). *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Further, Defendants do not appear to dispute any of these facts.

## II. Legal Standard for a 12(b)(6) motion

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Also, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Claims in the complaint

### A. Breach of Contract

Defendants move to dismiss the breach of contract claim arguing that Plaintiffs have not alleged that Defendants breached any express provision of the contract. Defendants further argue that, as a matter of law, they cannot be liable for breach of contract without breaching an express provision of the contract. Doc. 9 at 6 (citing *Barone v. Chase Home Fin. LLC*, CV 11-8016-PCT-FJM, 2011 WL 3665424, at *3 (D. Ariz. Aug. 22, 2011)).

Plaintiffs respond and do not dispute that an action for breach of contract cannot exist without an alleged breach of an express term of the contract. Further, Plaintiffs do not allege that Defendants breached an express term of the contract. Thus, to the extent Plaintiffs alleged a breach of contract claim, that claim will be dismissed.[2]

### B. Breach of the Covenant of Good Faith and Fair Dealing

It is clear from the complaint that Plaintiffs are bringing a claim for breach of the covenant of good faith and fair dealing. The parties agree that under Arizona law a claim for breach of the covenant of good faith and fair dealing is available even if there was not a breach of an express term of the contract. *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 435-

---

[2] Because the complaint is not pleaded in "counts" the Court is unclear whether Plaintiffs even intended to bring a free-standing breach of contract claim.

- 2 -

1  36, ¶¶ 14, 19 (Ariz. 2002). However, the "implied covenant of good faith and fair dealing
2  cannot contradict an express term of the contract." *Id*. at 434, ¶ 14. Nonetheless, "a party
3  may breach the implied covenant of good faith and fair dealing even if the express terms of
4  the contract speak to a related subject." *Id*. at 435, ¶ 17. In an unpublished opinion, the
5  Arizona Court of Appeals has approved the following excerpt from a jury instruction
6  summarizing Arizona law on this point:

> The duty to act in good faith does not alter the express, specific obligations agreed to by the parties under the contract. Acting in accordance with the terms of the contract without more, cannot be bad faith. Conversely, because a party may be injured when the other party to a contract manipulates bargaining power to its own advantage, a party may nevertheless breach its duty of good faith without actually breaching a express covenant in the contract.

11  While this Court may not cite the unpublished decision quoted above, this Court finds
12  the above language correctly states the law in Arizona as distilled from *Bike*, 46 P.3d at 435,
13  ¶ 14, and *Southwest Sav. And Loan Ass'n v. SunAmp Sys.*, 838 P.2d 1314, 1320 (Ariz. App.
14  1992).
15  Here, Plaintiffs sought to negotiate a modification to the express terms of the contract.
16  Defendants refused to discuss a modification. Neither party suggests that the contract has
17  any express language related to any potential future modifications. Thus, the question
18  presented is whether a party can state a claim for breach of the covenant of good faith and
19  fair dealing when the other party refuses to entertain a request to modify the contract. The
20  Court finds these facts do not state a claim.[3]
21  For example, if a borrower took out a fixed rate loan, but then interest rate increased

---

[3] In other circumstances, this Court has held that when the parties actually engage in modification discussions, certain claims can arise if the lender makes misrepresentations. *See Schrock v. Federal Nat. Mort. Ass'n*, 2011 WL 3348227, *6 (D. Ariz. 2011) (called into question by *Madison v. Groseth*, 279 P.3d 633, ¶ 15 (Ariz.App. 2012) (holding that "because Madison's tort claims depend on her objections to the validity of the trustee's sale, and she has waived those objections, her tort claims cannot survive as a matter of law.")). However, in this case it is undisputed that there was never any modification promised or even discussed.

1 significantly, the borrower would not act in bad faith by refusing to negotiate a potentially
2 higher interest rate.  To hold otherwise would allow a claim for breach of the duty of good
3 faith and fair dealing because a party refused to re-negotiate an express term of the contract.
4 To allow this type of claim would run afoul of the rule that a party cannot be held liable for
5 breaching the covenant of good faith and fair dealing by acting in accordance with the
6 express terms of the contract — which in this case set the re-payment terms.

7 The only difference between the Court's example above and this case is, arguably, the
8 relatively different financial and bargaining positions of the parties.  But, Plaintiffs do not
9 assert any claim regarding the enforceability of the contract.  Thus, on the facts of this
10 complaint, the Court finds Plaintiffs fail to state a claim.

### IV.    Leave to Amend

In this case, Plaintiffs have not amended, nor sought leave to amend, their original complaint as a matter of right under Rule 15.  Because the 21-day time frame to file an amendment following a motion to dismiss has expired, Plaintiffs have lost their right to amend their complaint as a matter of course.  Fed.R.Civ.P. 15(a)(1).  However, the Ninth Circuit Court of Appeals has instructed district courts to grant leave to amend, sua sponte, when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

In this case, the Court cannot determine whether any additional allegations could be made to cure the deficiencies in the complaint.  Therefore, the Court will sua sponte grant leave to amend.

### V.    Conclusion

Based on the foregoing,

**IT IS ORDERED** granting Defendants' Motion to Dismiss (Doc. 9). Plaintiffs may file an amended complaint within 21 days from the date of this order; if Plaintiffs fail to file an amended complaint within this deadline, the Clerk of the Court shall enter judgment,

1 dismissing this case with prejudice.

2 **IT IS FURTHER ORDERED** denying Plaintiffs' motion for expedited settlement conference (Doc. 12) as moot.

DATED this 30th day of July, 2012.

_____
James A. Teilborg
United States District Judge