WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark A. Finney; and the Conlon Group Arizona, LLC, a Missouri limited liability company authorized to do business in Arizona,<br><br>Plaintiffs,<br><br>v.<br><br>First Tennessee Bank, a Tennessee corporation, as successor by merger to First Horizon Home Loans Corporation, a Kansas corporation; Nationstar Mortgage, LLC, a Delaware limited liability company doing business in Arizona; and the Bank of New York Mellon, formerly known as the Bank of New York Trust Company, a foreign corporation authorized to do business in Arizona,<br><br>Defendants. | No. CV-12-01249-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 17). The Court now rules on the Motion.

**I.     FACTUAL BACKGROUND**

Plaintiff Finney owned Units 40, 60, and 70 of the Arizona Biltmore Hotel Villas and Condominiums (the "Properties"). (Doc. 16 at ¶ 11). The Properties were included in a rental pool agreement with the Arizona Biltmore Hotel that leased out the units as

part of the hotel operations. (*Id.* at ¶ 9). The rental pool agreement provided rental revenues for the units. (*Id.*). On April 11, 2007, Plaintiff Finney entered into three separate notes and deeds of trust with First Horizon Home Loans Corporation for the Properties. (*Id.* at ¶ 12). With First Horizon's agreement, Plaintiff Finney quit-claimed the Properties to Plaintiff Conlon Group. (*Id.* at ¶ 13). Plaintiff Finney is the president and principal shareholder of the Conlon Group. (*Id.* at ¶ 7). First Horizon later merged into its parent, Defendant First Tennessee Bank National Association.

In February 2011, the entities owning and controlling the Arizona Biltmore Hotel (the "Biltmore") filed a chapter 11 bankruptcy, which put the rental pool agreement in danger of cancellation. (*Id.* at ¶¶ 15-16). As a result of the filing of the bankruptcy, the market value of the Properties began to decline. (*Id.* at ¶ 17).

Plaintiff Finney created an unsecured creditors committee and attempted to get confirmation of the rental pooling agreement and a related settlement in the Biltmore's bankruptcy action. (*Id.* at ¶¶ 20, 23). As a result of his actions in the bankruptcy case, Plaintiff was unable to make the required payments on the notes for the Properties. (*Id.* at ¶ 21). Plaintiff Finney contacted a representative of his lender to request a modification of the loan documents in the form of a temporary reduction in the interest payments. (*Id.*). Plaintiff Finney also requested that the lender join the bankruptcy proceeding to protect its interest in the collateral Properties. (*Id.* at ¶ 21). Plaintiff Finney was advised that no decisions regarding his loan could be made at that time because his lender was in the process of changing servicers. (*Id.* at ¶22).

After Defendant Nationstar Mortgage, LLC was appointed as the servicer of Plaintiff Finney's loans, Plaintiff Finney again attempted to obtain a modification of the loans. (*Id.* at ¶ 25). Defendants refused to entertain any modifications of the loans and told Plaintiff Finney that there were no qualifying programs for modification related to the Properties because Defendants did not offer modifications for rental properties. (*Id.*at ¶26). Plaintiff Finney then obtained counsel and asked his counsel to attempt to negotiate a modification agreement with the lender or its representatives. (*Id.* at ¶ 27). Plaintiff

1  Finney's counsel's attempts to negotiate a modification were unsuccessful as Plaintiff's
2  counsel was told that no modifications were available for rental properties. (*Id.*).

3  As a result of these allegations, Plaintiffs claim that Defendants have breached
4  paragraphs 9 and 12 of the deeds of trust[1] and have breached their duty of good faith and
5  fair dealing to Plaintiffs.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed their original complaint in Maricopa County Superior Court. Thereafter, Defendants removed the case to this Court. Defendants then moved to dismiss the original Complaint. The Court granted the Motion to Dismiss and granted Plaintiffs leave to amend. (Doc. 15). Plaintiffs then filed an Amended Complaint (Doc. 16). Defendants now move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41 (1957)).

A complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.* Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and

---

[1] Paragraphs 9 and 12 are contained in each of the three Deeds of Trust and are identical in each.

- 3 -

the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000).

### IV. ANALYSIS

#### A. Breach of Contract

To state a claim for breach of contract, a plaintiff must allege the formation of a contract, its breach, and damages. *Chartone, Inc. v. Bernini,* 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004).

In this case, it is not entirely clear whether Plaintiffs intend to state a claim for breach of contract. In their Complaint, Plaintiffs allege that "[t]he lender is in breach of contract for failing to negotiate in good faith . . ." (Doc. 16 at ¶ 39). Throughout the Amended Complaint, Plaintiffs appear to conflate their claims for breach of contract and breach of the duty of good faith and fair dealing. Plaintiffs allege that the lender is "in violation or breach of paragraphs 9 and 12 [of the deeds of trust]" (Doc. 16 at ¶ 34), but do not identify how any Defendants are in breach of the terms within those sections.

Indeed, in Response to the Motion to Dismiss, Plaintiffs state "The plaintiffs concede that the defendants have not violated any express terms of the loan agreements, but are in violation of the covenant of good faith and fair dealing . . ." (Doc. 18 n.1).

Accordingly, because Plaintiffs appear to concede they have not stated a claim for breach of contract and there is no allegation that an express term of the contract has been breached, the Court will grant Defendant's Motion to Dismiss to the extent it seeks to dismiss any possible breach of contract claim.

#### B. Breach of the Duty of Good Faith and Fair Dealing

In ruling on Defendants' Motion to Dismiss Plaintiffs' original Complaint, the Court found that Plaintiffs failed to state a claim for breach of the duty of good faith and fair dealing. The Court found that:

> Plaintiffs sought to negotiate a modification to the express terms of the contract. Defendants refused to discuss a modification. Neither party suggests that the contract has any express language related to any potential future

> modifications. Thus, the question presented is whether a party can state a claim for breach of the covenant of good faith and fair dealing when the other party refuses to entertain a request to modify the contract. The Court finds these facts do not state claim.

(Doc. 15 at 3).

Defendants argue that, in their Amended Complaint, Plaintiffs have again failed to state a claim for breach of the covenant of good faith and fair dealing. Defendants argue that, while Plaintiff now cite to provisions in the contract that Plaintiffs allege Defendants violated, neither provision requires Defendants to modify Plaintiffs' loans. In the prior Order, this Court summarized the law as follows:

> [U]nder Arizona law a claim for breach of the covenant of good faith and fair dealing is available even if there was not a breach of an express term of the contract. However, the implied covenant of good faith and fair dealing cannot contradict an express term of the contract. Nonetheless, a party may breach the implied covenant of good faith and fair dealing even if the express terms of the contract speak to a related subject.
>
> The duty to act in good faith does not alter the express, specific obligations agreed to by the parties under the contract. Acting in accordance with the terms of the contract without more, cannot be bad faith. Conversely, because a party may be injured when the other party to a contract manipulates bargaining power to its own advantage, a party may nevertheless breach its duty of good faith without actually breaching a express covenant in the contract.

(Doc. 15 at 2-3 (internal quotations and citation omitted)).

In arguing that they have stated a claim for breach of the covenant of good faith and fair dealing, Plaintiffs first point to paragraph 9 of the Deeds of Trust, which provides:

> **Protection of Lender's Interest in the Property and Rights Under this Security Instruments.** If (a) Borrower fails to perform the covenants and agreements in this Security Instrument, (b) there is a legal proceeding that might

- 5 -

>significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, or enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and security and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. . . . Although Lender may take action under Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.
>
>Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.
>
>. . .

(Doc. 9-2 at 36 (emphasis in original)).

Although it is not entirely clear what Plaintiffs' arguments with regard to paragraph 9 of the contract are, it appears that Plaintiffs argue that Plaintiff Finney somehow assumed the lender's duties under paragraph 9 by attempting to protect the interest in the Properties in the Biltmore's bankruptcy. As such, Plaintiffs appear to argue that the lender owed some duty to Plaintiff Finney because he undertook some obligations that the lender could have itself undertaken. *See*, *e.g.*, Doc. 18 at 8 ("Should the Defendants had [sic] made the decision to ignore the implications of the Chapter 11 proceeding on the value of collateral, because no provision of the contract seemingly

1 applied, and not taken proper steps to protect that value or notify the lender (Plaintiffs)
2 pursuant to paragraph 9 of the Deed of Trust, the Plaintiffs could have easily argued that
3 it was the Defendants that allowed the devaluation and breached the covenant of good
4 faith and fair dealing.").

5 The Court finds nothing in paragraph 9 of the contract that would have required
6 Defendants to intercede in the Biltmore's bankruptcy proceeding. Further, there is
7 nothing in paragraph 9 suggesting that Defendants would intercede in such an action at
8 Plaintiffs' request or that Defendants would somehow reimburse Plaintiffs if they acted
9 consistently with paragraph 9. Nothing in paragraph 9 would lead a reasonable person in
10 Plaintiffs' positions to believe that Defendants had any duty to act or would exercise
11 discretion in acting upon Plaintiffs' request. Rather, paragraph 9 is clear that Defendants
12 could exercise certain rights under the Deeds of Trust, but were under no obligation to do
13 so and would not incur any liability for failing to do so. Accordingly, Plaintiffs have
14 failed to state a claim for breach of contract or breach of the covenant of good faith and
15 fair dealing based on paragraph 9 of the Deeds of Trust.

16 In arguing that they have stated a claim for breach of the covenant of good faith
17 and fair dealing, Plaintiffs next point to paragraph 12 of the Deeds of Trust, which
18 provides:

> **Borrower Not Released; Forbearance by Lender not a Waiver**. Extension of time for payment or modification of amortization of sums secured by this Security Instrument granted by Lender to Borrower or any Successors in Interest of Borrower shall not operate to release the liability of Borrower or to Borrower or any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy, including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

(Doc. 9-2 at 38 (emphasis in original)).

Plaintiffs argue that, based on this language, they had a reasonable expectation that Defendants would consider a temporary reduction in interest payments owed under the notes. Plaintiffs allege that, when the lender entered into the Notes and Deeds of Trust, the lender knew that the Properties were rental properties. Plaintiffs argue that, based on the fact that Defendants inserted the language in paragraph 12 into the Deeds of Trust, Plaintiffs had a reasonable expectation that Defendants would consider a loan modification for rental properties. Plaintiffs allege that every time they contacted Defendants, Defendants refused any modification for the sole reason that they do not permit modifications for rental properties. Plaintiffs allege that this failure to even consider a modification despite the language in the contract contemplating a potential modification violated the covenant of good faith and fair dealing.

There is nothing in the language in paragraph 12 suggesting that the Lender was required to modify the Deeds of Trust. Nonetheless, the covenant of good faith and fair dealing may be breached even in the absence of a breach of an express provision of the contract if the action denies the other party the reasonably expected benefits of the agreement. *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons local No. 395 Pension Trust Fund,* 38 P.3d 12, 29-30 (Ariz. 2002). Comment d of the Restatement (Second) of Contracts § 205 (1981) explains that "bad faith may be overt or consist of inaction," and a person may "violate the obligation of good faith in performance even though the actor believes his conduct to be justified." Thus, a breach would occur "if a party uses its discretion for a reason outside the contemplated range—a reason beyond the risks assumed by the party claiming a breach." *Sw. Sav. & Loan Ass'n v. SunAmp Sys., Inc.,* 838 P.2d 1314, 1319-20 (Ariz. Ct. App. 1992) (citation omitted).

Thus, the question in this case is whether, based on the language in the contract, which contemplates a potential modification, Plaintiffs could have reasonably expected that Defendants would in good faith consider Plaintiffs' modification request. Defendants' alleged reason for rejecting consideration of Plaintiff's modification

request—that it does not consider modifications relating to rental properties—appears to conflict with the language in the Deeds of Trust suggesting the possibility of a modification, despite the fact that Defendants allegedly knew the Properties were rental properties when signing the Deeds of Trust. Construing the facts in the light most favorable to Plaintiff, the Court cannot say whether it was reasonable for Plaintiffs to rely on this language to expect that a modification would be considered in good faith. Accordingly, Plaintiffs have stated a claim for breach of the duty of good faith and fair dealing and Defendants' Motion to Dismiss that Count is denied.

### C.     The Parties

Defendants assert that Plaintiff Conlon is not a proper party to this action because it was "not the borrower in the underlying transaction and therefore lacks any relationship with defendants that would cause him [sic] to expect them to negotiate with it." (Doc. 19 at 4). This was first raised in Defendants' reply in support of its Motion to Dismiss in connection with Plaintiffs' breach of the duty of good faith and fair dealing claim and Plaintiffs have not been given an opportunity to respond to this argument. Initially, it does not appear that Plaintiff Conlon is a proper Plaintiff with regard to Plaintiffs' claim for breach of the covenant of good faith and fair dealing. However, in the Amended Complaint, Plaintiffs assert that Plaintiff Conlon made the payments on the Properties pursuant to the notes and Deeds of Trust. (Doc. 16 at ¶ 14). Accordingly, Plaintiff Conlon may have some interest in the outcome of this litigation. Without further briefing on Plaintiff Conlon's proper status in this case, the Court is unwilling to dismiss Plaintiff Conlon at this time. Accordingly, Defendants' Motion to Dismiss Plaintiff Conlon is denied without prejudice.

Defendants also moved to dismiss the breach of contract claim asserted against Defendant Nationstar and Defendant Bank of New York Mellon. However, Defendants did not specifically move to dismiss the claim for breach of the covenant of good faith and fair dealing against Defendant Nationstar and Defendant Bank of New York Mellon. Because the Court has already dismissed any breach of contract claim and Defendants did

1  not seek to dismiss Nationstar or the Bank of New York Mellon with regard to the claim
2  for breach of the covenant of good faith and fair dealing, the motion to dismiss the claim
3  for breach of the covenant of good faith and fair dealing is denied in its entirety.

4  **V.  CONCLUSION**

5  **IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiffs' First Amended
6  Complaint (Doc. 17) is granted in part and denied in part as set forth herein.

7  Dated this 6th day of May, 2013.

James A. Teilborg
Senior United States District Judge