**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark A. Finney, et al., | No. CV-12-01249-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| First Tennessee Bank, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. 37). The Court now rules on the motion.

**I.    Background**

Plaintiff Mark A. Finney ("Finney") is the president and principal shareholder of The Conlon Group, Inc., which in turn is the parent company of Plaintiff The Conlon Group Arizona LLC ("Conlon"). Conlon owns three units of the Arizona Biltmore Hotel Villas and Condominiums (the "Units"). Conlon refinanced the Units as rental properties through First Horizon Loan Corporation ("First Horizon"). As part of the refinancing process, First Horizon, who knew that the Units were to be used as rental properties and not owner-occupied homes, required Conlon to deed the Units to Finney. Finney then executed three separate notes secured by three deeds of trust (the "Deeds of Trust"). The Deeds of Trust each contained the following paragraph ("Paragraph 12"), which is at the

core of this lawsuit:

> **12. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in accounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

(Doc. 37-2 at 46).

After executing the deeds of trust, Finney then deeded the Units back to Conlon. First Horizon securitized Finney's loans and transferred them to "The Bank of New York Mellon as Trustee for the holder of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2007-FA4" ("FHAMS 2007-FA4"). (Doc. 37-1 ¶ 8). First Horizon's successor-in-interest, First Tennessee Bank ("First Tennessee") acted as the servicer on Finney's loans for a number of years; Nationstar Mortgage LLC ("Nationstar") became the servicer beginning in 2011.

Eventually, the Arizona Biltmore Hotel filed for bankruptcy, adversely impacting the rental of the Units. Finney contacted First Tennessee, and later Nationstar, to request a modification of his loans. First Tennessee and Nationstar told Finney that they would not consider a modification agreement because the Units were rental properties, not owner-occupied properties, and the lender, FHAMS 2007-FA4, had a policy of not considering or discussing loan modifications with owners of rental properties.

Finney and Conlon subsequently filed this lawsuit, and Defendants moved to dismiss all of Plaintiffs' claims. In ruling on the motion to dismiss, the Court concluded

that Plaintiffs' complaint alleged a single claim for the breach of the covenant of good faith and fair dealing. (Doc. 20 at 9). Furthermore, the Court concluded that it could not dismiss this claim on a motion to dismiss because Plaintiffs had alleged that the inclusion of Paragraph 12 within the Deeds of Trust gave rise to a reasonable expectation that Defendants would consider a loan modification for rental properties. (*Id.* at 8). The Court framed the ultimate issue in this case as "whether, based on the language in the contract, which contemplates a potential modification, Plaintiffs could have reasonably expected that Defendants would in good faith consider Plaintiffs' modification request." (*Id.*) Accordingly, the Court denied the motion to dismiss with respect to Plaintiffs' claim for breach of the covenant of good faith hand fair dealing. (*Id.*)

## II. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(A), (B). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be

unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a *genuine* issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e) (1963) (amended 2010)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247–48. However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

### B.     The Covenant of Good Faith and Fair Dealing

"Arizona law implies a covenant of good faith and fair dealing in every contract." *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 434 ¶ 13 (Ariz. Ct. App. 2002) (quoting *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986)). "Such implied terms are as much a part of a contract as are the express terms." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 28 ¶ 59 (Ariz. 2002). The purpose of this covenant is so "neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Bike Fashion*, 46 P.3d at 434 ¶ 13 (internal quotation marks omitted) (quoting *Rawlings*, 726 P.2d at 569-70)). This covenant "guarantees the protection of the parties' reasonable expectations," and is breached either "by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Id.* at 434-35 ¶¶ 13-14. However,

"an implied covenant of good faith and fair dealing cannot directly contradict an express contract term." *Id.* at 434-35 ¶ 14.

Finally, contract interpretation is a question of law "where the terms of a contract are found to be plain and unambiguous." *Chandler Med. Bldg. Partners v. Chandler Dental Grp.*, 855 P.2d 787, 791 (Ariz. Ct. App. 1993).

## III.     Analysis

Plaintiffs rely upon the Court's prior ruling for the proposition that as a matter of law, the language of Paragraph 12 supports a claim for breach of the covenant of good faith and fair dealing when a lender fails to consider a loan modification. (Doc. 39 at 2-4). Defendants argue that nothing in the plain language of Paragraph 12 suggests that Defendants would consider in good faith Plaintiffs' modification request. (Doc. 37 at 7).

Defendants are correct that nothing in the actual language of Paragraph 12 obligates them to *consider* a loan modification. The first sentence provides that if the lender grants an extension of time for payment or modifies the amortization of the mortgage, then this does not release the borrower's liability. This sentence does not require the lender to consider any such modification. The second sentence provides that if the borrower or the borrower's successor-in-interest makes certain demands from the lender, the making of these demands does not cause the lender to be obligated to "commence proceedings" against the borrower's successor-in-interest or to refuse to modify the loan. This sentence does not require the lender to consider a loan modification. The third sentence provides that forbearance by the lender does not waive any of the lender's rights under the agreement. This sentence concerns situations in which the lender agrees to accept a partial payment, for example, and clarifies that this does not permanently modify the parties' agreement; it does not require the lender to consider a loan modification.

Paragraph 12 does, however, contemplate the possibility of a loan modification in

general. The borrower might reasonably expect based on this language that there is the possibility of a loan modification, and such a possibility can arise only if both parties are willing to discuss a modification. Whether Plaintiffs in fact reasonably expected the possibility of a loan modification is a genuine issue of material fact, and because the implied covenant of good faith and fair dealing protects the parties' reasonable expectations, Defendants are not entitled to summary judgment.

Defendants cite a number of cases from other jurisdictions for the proposition that a borrower under a residential mortgage loan has no reasonable expectation that the lender will consider a loan modification. (Doc. 37 at 8). None of these cases are controlling here. In *Douglas v. U.S. Bank National Association*, 2013 DNH 071, 2013 WL 1890728, at *4 (D.N.H. May 6, 2013), the court noted that the borrower did not identify "any particular grant of discretion in the mortgage that they believe was exercised unreasonably." 2013 WL 1890728, at *6. Here, Plaintiffs identify the inclusion of Paragraph 12 as implying that Defendants had discretion to consider a loan modification. In *Dohner v. Wachovia Mortgage FSB*, 2011 WL 4064067 (D. Utah Sept. 13, 2011), the issue was not whether the lender was obligated to consider a loan modification but whether the lender was obligated to *modify* the loan. 2011 WL 4064067, at *2; *see also Barna v. Wells Fargo Bank, N.A.*, 2013 WL 1182087, at *1, 3 (D. Nev. Mar. 20, 2013) (same).

Defendants also argue that the Deeds of Trust contemplate a residential, rather than a commercial, mortgage and therefore any language in Paragraph 12 referencing a loan modification cannot create reasonable expectations on the part of Plaintiffs as to the modification of a commercial loan. (Doc. 37 at 8). Although each of the Deeds of Trust indeed provides that the borrower will occupy the property as a principal residence within sixty days, (Doc. 37-2 at 43), it does not follow from this fact that Plaintiffs could not reasonably expect Defendants to consider a loan modification request.

Under Arizona law, ambiguities in contracts are construed against the drafter. *See MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 197 P.3d 758, 763 ¶ 10 (Ariz. Ct. App. 2008). First Horizon, and indirectly Defendants, chose the form for the Deeds of Trust. The fact that Defendants chose to use (or to assume the obligations under) a residential deed of trust form for a commercial loan does not permit them to avoid the reasonable expectations that arise on the part of the borrower under this form. If Defendants wished to not create the reasonable expectation by Plaintiffs that they would consider a loan modification, they should have used a commercial deed of trust form that more accurately reflected their loan policies.

Defendants next argue that even if they were required to "consider" a loan modification, they in fact considered Plaintiffs for a modification but informed Plaintiffs that they could not proceed with a modification because the loans were non-residential. (Doc. 37 at 9; Doc. 41 at 4). Defendants claim that this response constituted consideration of Plaintiffs' request for a loan modification. But a reasonable juror could conclude that if Plaintiffs had a reasonable expectation that Defendants would consider a loan modification, that consideration required Defendants to evaluate the merits of Plaintiffs' modification request. The Court cannot say as a matter of law that Defendants' refusal to address the merits of Plaintiffs' loan modification request constituted consideration of that request.

Defendants additionally contend that Plaintiffs cannot show that they suffered damages as a result of any alleged breach of the covenant of good faith and fair dealing. (*Id.* at 11). The Court cannot state on the record before it at summary judgment that Plaintiffs have no evidence of damages. For example, Plaintiffs may have relied upon Paragraph 12 in selecting First Horizon as their lender, a fact that could give rise to damages.

Finally, Defendants contend that Conlon has no contractual relationship to

Defendants and therefore no standing to raise any claim relating to Paragraph 12. (*Id.* at 12). Plaintiffs assert that Conlon is an assignee of Finney's rights under the Deed of Trust and therefore has standing. (Doc. 39 at 9). Although Plaintiffs offer no evidence in support of this assertion, a genuine issue of material fact may exist as to whether Conlon has standing, and the Court will not enter judgment against Conlon at this time.

**IV. Conclusion**

For the foregoing reasons,

**IT IS ORDERED** denying Defendants' Motion for Summary Judgment (Doc. 37).

Dated this 31st day of March, 2015.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge